**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                         Case No. 06-2453-JWL

ROY E. UNGER,
KAROL KAY STYLES
f/k/a KAROL KAY UNGER,
OKIE PIPE LINE COMPANY,
LINK ENERGY PIPELINE LIMITED
PARTNERSHIP, and
IA OPERATING, INC.,

## ORDER

This matter comes before the court upon plaintiff's Motion for leave to Amend Complaint (Doc. 8); Motion for Joinder (Doc. 9); and Motion for Service by Publication and to Extend Time to Serve and accompanying affidavit (Doc. 10). Plaintiff has informed the court that IA Operating, Inc., the only defendant to have filed an answer, does not object to these motions. In addition, defendant Karol Kay Styles a/k/a Karold Kay Unger f/k/a and Plaints Pipeline, LP have disclaimed and released any redemption rights which they might possess regarding this action (Docs. 3 and 7). Plaintiff has also sent a copy of the present motions to defendant Roy Unger. Although attempts have been made to serve the other defendants, such attempts have been unsuccessful. Defendant Unger has not filed a response to these motions, and the time to do so has passed.[1] "If a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily

---

[1] *See* D. Kan. R. 6.1(d)(1) ("Responses to nondispositive motions (motions which are not motions to dismiss or for summary judgment) shall be filed and served within 14 days."). Plaintiff filed its motion on February 7, 2007.

will be granted without further notice."[2]

**Motion for Joinder (Doc. 9)**

Pursuant to Fed. R. Civ. P. 19(a), plaintiff seeks to join

> the Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of such of the defendants as may be deceased, the Unknown Spouses of the defendants, the Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of such defendants as are existing, dissolved or dormant corporations, the Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of such defendants as are or were partners or in partnership, and the Unknown Guardians, Conservators and Trustees of such defendants as are minors in any way under legal disability, and the Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased and made defendants as such

of defendants Okie Pipe Line Company (Okie) and Link Energy Pipeline Limited Partnership (Link).  Plaintiff believes that as a result of leases executed with defendant Roy Unger, the successors of defendants Okie and Link may claim an interest in this foreclosure action.  Plaintiff also argues that unless these successors are made defendants in this action, plaintiff's ability to secure an order to sell all of its right and title under its mortgage will be impaired.

Pursuant to Fed. R. Civ. P. 19(a), " [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties."  Here, the court notes that the successors of these defendants are not "subject to service of process" as plaintiff has sought to serve these parties through publication.  Consequently, the court believes that joinder pursuant to Fed. R. Civ. P. 20(a) is more appropriate.

Fed. R. Civ. P. 20(a) states:

---

[2] *See* D. Kan. Rule 7.4.

> All persons may join in one action...as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Rule 20 thus sets out a two-part test for joinder: (1) Whether the claims against defendants arise out of the same transaction or occurrence; and (2) Whether there are common questions of law or fact to all defendants.

Here, the court finds that any right to relief of defendants Okie and Link's successors would arise out of the same transaction or occurrence as the foreclosure claims against the other defendants and would include common questions of law or fact. Consequently, the court finds joinder appropriate under Rule 20 and grants plaintiff's Motion to Join (Doc. 9).

**Motion to Amend (Doc. 8)**

Having found joinder appropriate under Rule 20, the court must now determine whether plaintiff may amend its pleadings to include these additional parties. Plaintiff's proposed amended complaint would include these successors in interest and would also reflect the dismissal of defendant Karole Kay Unger (now Karol Kay Styles) who was dismissed as a party on November 11, 2006 (Doc. 5).

Fed. R. Civ. P. 15 controls the procedure for amending the pleadings. Here, IA Operating Inc., has filed a responsive pleading, so pursuant to Rule 15(a), plaintiff may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[3]

The decision to grant leave to amend after the permissive period lies within the discretion

---

[3] Fed. R. Civ. P. 15(a).

of the trial court.[4]  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[5]  Allowing plaintiff to amend its complaint would not cause undue delay because no deadlines, discovery or otherwise, have been set.  Moreover, as defendant IA Operating Inc. has consented to the motion and no other defendants have filed a response in opposition, it seems unlikely that allowing plaintiff to file an amended complaint would prejudice the defendants.  Accordingly, and for good cause shown, plaintiff's Motion to Amend (Doc. 8) is granted.

**Motion for Service by Publication and to Extend Time to Serve (Doc. 10).**

Plaintiff's Motion for Service by Publication seeks to serve by publication defendants Okie and Energy, and their unknown successor defendants as set forth in the accompanying affidavit.  Plaintiff's affidavit explains that despite its reasonable efforts, plaintiff has been unable to serve defendants Okie and Link because their residences are unknown and because plaintiff believes that they no longer exist as business entities.  Consequently, plaintiff seeks to serve by publication defendants Okie Pipe Line Company and Link Energy Pipeline Limited Partnership and their

> Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of such of the defendants as may be deceased, the Unknown Spouses of the defendants, the Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of such defendants as are existing, dissolved or dormant corporations, the Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of such defendants as are or were partners or in partnership, and the Unknown Guardians, Conservators and Trustees of such defendants as are minors in any way under legal disability, and the Unknown Heirs, Executors, Administrators, Devisees, Legatees,

---

[4] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[5] *Id.*

Trustees, Creditors and Assignees of any Person alleged to be deceased[.]

Fed R. Civ. P. 4(e) permits service of a summons and complaint upon a defendant in any manner authorized by the state in which the federal district court sits or the state in which service is to be accomplished. Service by publication under Kansas state law is governed by K.S.A. §60-307 which provides in pertinent part that:

> Service may be made by publication in any of the following cases:
> . . . .
> [(a)](3) In actions which relate to or the subject of which is real or personal property in this state, if any defendant has or claims a lien or interest, vested or contingent, in the property, or the relief demanded consists wholly or partly in excluding the defendant from any interest in the property, or in actions for partition or for foreclosure of a lien, if the defendant is a nonresident of the state or a foreign corporation or if the party with due diligence is unable to make service of summons upon the defendant within the state.
> . . . .
> (5) In any of the actions mentioned in this subsection, publication service may be had on any of the following who are made defendants as such: The unknown heirs, executors, administrators, devisees, trustees, creditors and assigns of any deceased defendants; the unknown spouses of any defendants; the unknown officers, successors, trustees, creditors and assigns of any defendants that are existing, dissolved or dormant corporations; the unknown executors, administrators, devisees, trustees, creditors, successors and assigns of any defendants that are or were partners or in partnership; the unknown guardians, conservators and trustees of any defendants that are minors or are under any legal disability; and the unknown heirs, executors, administrators, devisees, trustees, creditors and assigns of any person alleged to be deceased.
>
> . . . .
>
> (c) Affidavit for service by publication. Before service by publication as provided in this section can be made, one of the parties or the party's attorney shall file an affidavit stating any of the following facts that are applicable:
>
> (1) The residences of all named defendants sought to be served, if known, and the names of all defendants whose residences are unknown after reasonable effort to ascertain the same.
>
> (2) The affiant has made a reasonable but unsuccessful effort to ascertain the names and residences of any defendants sought to be served as unknown parties in accordance with subsection (a)(5).
>
> (3) The party seeking service by publication is unable to procure service of summons on

5

the defendants in this state.

(4) The case is one of those mentioned in clauses (1) through (4) of subsection (a).

The affidavit shall be deemed sufficient if in substantial compliance with the form set forth by the judicial council.

When the affidavit is filed, service may proceed by publication.

The court finds that service by publication is appropriate in this case. This is an *in rem* civil action brought under 28 U.S.C. § 1345 by the United States of America[6] and thus meets the requirement of K.S.A. §60-307(a)(3). Further, the court finds that the desired scope of the publication is authorized under K.S.A. § 60-307(a)(5) and that plaintiff's affidavit meets the requirements under K.S.A. §60-307(c).

Pursuant to Fed. R. Civ. P. 4(m), the initial 120 day period of service expired on February 16, 2007. Consequently, plaintiff also requests a 120 day extension, from the date the court enters this order, to serve the Amended Complaint by publication on defendants Okie and Link, and their successors in interest. Accordingly, and for good cause shown,

**IT IS THEREFORE ORDERED** that plaintiff's Motions for Joinder (Doc. 9) and to Amend (Doc. 8) are granted. The Clerk's office is directed to file Attachment 1 to (Doc. 8) as plaintiff's First Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Service by Publication and to Extend Time to Serve (Doc. 10) is granted. Plaintiff is permitted an additional 120 days from the date of this order to serve defendants by publication.

---

[6] *See* Complaint (Doc. 1) at p. 1.

**IT IS SO ORDERED.**

Dated this  2d  day of March, 2007, at Topeka, Kansas.

                                              s/ K. Gary Sebelius

                                              K. Gary Sebelius

                                              U.S. Magistrate Judge