IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2453-JWL/KGS |
| ) | |
| ROY E. UNGER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANT'S MOTION
TO REDEEM FORECLOSED REAL ESTATE**

Comes on for decision Defendant's Motion to Redeem Foreclosed Real Estate (Motion to Redeem) (Doc. 34).  The Defendant Roy E. Unger (Unger) appears by counsel Thomas A. Hamill and David S. Lockett.  The United States of America (Plaintiff) appears by Eric F. Melgren, United States attorney for the District of Kansas, and David D. Zimmerman, Assistant United States Attorney for the District of Kansas.  Defendant IA Operating, Inc. appears by counsel Joseph W. Jeter.  There are no other appearances.

The Court, having examined the file and pleadings in this case, including the Suggestions in Support of Motion to Redeem Foreclosed Real Estate (Suggestions in Support) (Doc. 35) filed contemporaneously with Defendant's Motion to Redeem, finds the following:

1.	The Plaintiff filed its Complaint seeking judicial foreclosure of real estate owned by Unger (the Subject Property) on October 19, 2006.

2.	The legal description of the Subject Property is as follows:

>	The Southwest Quarter (SW1/4) of Section Thirteen (13), The North Half of the Southeast Quarter (N/2SE/4) of Section Thirteen (13), and the Northwest Quarter (NW/4) of Section Twenty-Four (24), all in Township

1

Three (3) South, Range Twenty-Nine (29) West of the 6th principal meridian, except that part of Tract 3 described as beginning at the Northwest corner thereof, thence East 600 feet, thence South 363 feet, thence West 600 feet, thence North 363 feet to the place of beginning; EXCEPT (a) a tract of land in the Northwest Quarter of Section 24, Township 3 South, Range 29 West of the 6th P.M., described as follows: Beginning at a point of the West line, 363.0 feet South of the Northwest corner of said Quarter Section, said West line having an assumed bearing of North 02 degrees, 19 minutes East; thence South 88 degrees 33 minutes East, 131.0 feet; thence South 01 degree 51 minutes West, 1,704.3 feet; thence South 09 degrees 26 minutes West, 454.1 feet; thence South 01 degree 51 minutes West to a point on the South line, 89.6 feet East of the Southwest corner of said Quarter section; thence North 88 degrees 54 minutes West along said South line to the West line of said Quarter Section; thence North 02 degrees 19 minutes East along said West line to the place of beginning, containing 2.80 acres, more or less, exclusive of the existing highway; and

(b) a tract of land in the Southwest Quarter of Section 13, Township 3 South, Range 29 West of the 6th P.M., described as follows:  beginning at the Southwest corner of said Quarter Section, the West line of said Quarter Section having an assumed bearing of North 01 degrees 31 minutes East; thence South 88 degrees 33 minutes East, 178.4 feet along the South line of said Quarter Section; thence North 01 degree 50 minutes East, 1,430.5 feet; thence North 88 degrees 29 minutes West, 64.6 feet; thence North 01 degree 51 minutes East, 852.3 feet; thence North 06 degrees 41 minutes West, 202.2 feet; thence North 04 degrees 43 minutes East to a point on the North line, 106.3 feet East of the Northwest corner of said Quarter Section; thence North 88 degrees 50 minutes West along said North line to the West Line of said Quarter Section; thence South 01 degree 31 minutes West along said West line to the place of beginning, containing 1.17 acres more or less, exclusive of the existing highway;

and SUBJECT TO:  The taking of 7.8 acres on the West Boundaries of the above-described real property for highway purposes in Case No. 3507 in the District Court of Decatur County, Kansas.

3. On October 9, 2007, this Court entered its Journal Entry of Judgment and Foreclosure (Journal Entry) (Doc. 23). The Court entered *in personam* judgment in favor of the United States and against Unger, and also entered an *in rem* judgment in favor of the United States against the Subject Property.

4. The Court's Journal Entry further provided that if the amount of the judgment owing to Plaintiff was not paid within ten (10) days from the date of the Journal

2

Entry, an Order of Sale should be directed to the United States Marshal for the District of Kansas, commanding him to advertise and sell the Subject Property at public sale.

5. The Court's Journal Entry ordered that the Subject Property be sold at public sale, subject to a redemption period not to exceed three (3) months, such period being subject to any order of the Court that may shorten or extinguish said period of redemption pursuant to K.S.A. §60-2414.

6. Unger failed to satisfy the Judgment entered and the Subject Property was sold on January 4, 2008 to Gleason and/or Joyce Dryden, 608 N. Grand, Oberlin, Kansas (the Certificate Holder), being the highest and best bidder, for the sum of $201,000.00.

7. On February 7, 2008, the Court entered its Order Confirming Marshal's Sale (Doc. 31), again confirming Unger's right to a three (3) month redemption period, unless otherwise extinguished or waived by the Defendant. Said redemption period has not been extinguished by the Court or waived by the Defendant.

8. On March 21, 2008, counsel for Unger sent a letter by certified mail-return receipt requested, advising the Certificate Holder of his intent to redeem the Subject Property, and requesting the Certificate Holder to advise counsel for Unger whether or not he had incurred any expenses identified in K.S.A. §60-2414 (a) or (d) for which he would seek repayment by Unger. The Court is informed through counsel for Mr. Unger that the Certificate Holder has no expenses for which the Certificate Holder will seek reimbursement.

9. On March 31, 2008, Unger delivered to the Clerk of the Court, United States District Court for the District of Kansas, certified funds in the amount of $205,910.73. This amount represents $201,000.00 paid by the Certificate Holder to the

United States Marshal on January 4, 2008, plus interest as provided in K.S.A. §60-2414 and K.S.A. §16-201 (e)(1).

10. On March 31, 2008, Unger filed his Motion to Redeem, a copy of which was served upon all counsel of record and the Certificate Holder, together with a copy of the Suggestions in Support of said Motion to Redeem.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Unger has delivered to the Clerk of the Court, United States District Court for the District of Kansas, on March 31, 2008, the sum of $205,910.73.

IT IS FURTHER ORDERED that the amount delivered to the Clerk of the Court by Unger is in accordance with the Court's Journal Entry and K.S.A. §60-2414.

IT IS FURTHER ORDERED that the Clerk of the Court issue its check to the Certificate Holder in the sum of $205,910.73 as repayment for the amount paid by him at public sale held on January 4, 2008, plus interest.

IT IS FURTHER ORDERED that Unger has properly exercised his rights to redeem the Subject Property, and all rights previously held by the Certificate Holder in said property are extinguished, and that title to the Subject Property is vested in the Defendant Roy E. Unger.

IT IS SO ORDERED.

Dated this 2nd day of April, 2008 at Kansas City, Kansas

                                           s/ John W. Lungstrum
                                           HONORABLE JOHN W. LUNGSTRUM
                                           United States District Judge